h MURRAY, Judge.
Mr. and Mrs. Joseph Hirn appeal an adverse judgment in favor of Dr. and Mrs. Ross Bunch on a claim in quanti minoris awarding damages in the form of reduction of purchase price, expenses, mental anguish, interest and attorney’s fees stemming from the Bunches’s purchase of the Hirns’ house and subsequent discovery of stained hardwood floors in areas of the house.
The Bunches purchased a home from the Hirns in June of 1992 for $100,000.00. They inspected the home prior to executing an offer to purchase, and had a structural inspection made of the home. Prior to the act of sale they again inspected the house to verify that certain minor repairs were performed.
Upon moving into the house, the Bunches “discovered [for the first time] that it contained several areas of dark discoloration of the wood flooring through the home_be-lieved to be animal urine stains.” They brought a suit in quanti minoris alleging that the Hirns “failed to disclose the said areas of dark discoloration of the wood flooring to petitioners prior to the sale, and concealed |2these areas by covering them with rugs and furniture, thereby preventing plaintiffs from discovering these areas during ordinary inspection of the home.”
While not admitting the existence of the “areas of dark discoloration”, the Hirns answered the suit contending they had informed the Bunches of such areas and/or the areas were readily observable and/or were or should have been noticed by the Bunches prior to the sale.
Following a bench trial, the court entered judgment in favor of the Bunches as follows:
floor repair expense $3,905.00
living expenses 800.00
moving and storage fees 1,603.95
mental anguish 1,000.00
attorney’s fees 2,000.00
expert fees 254.00
The judgment also provided for interest and court costs.
Mr. and Mrs. Hirn assign five instances of trial court error. In their first assignment, the Hirns argue that the court erred in awarding damages in quanti minoris because the defect was not latent, contending that the Bunches were aware of it or could have discovered it through ordinary diligence.
The action for reduction of price or quanti minoris is subject to the same rules that govern an action in redhibition. See La.Civ.Code Ann. art. 2541, (West Supp. 1995); La.Civ.Code Ann. art. 2544 (West, 1952). To recover in an action in quant minoris, a party must prove a latent defect, its existence at the time of sale, and the extent of reduction. See La.Civ.Code Ann. arts. 2520, 2521, 2530, 2541 (West Supp.1995); La.Civ.Code. Ann. art. 2544 (West 1952). If the defect complained of is apparent, such that it might have been discovered by simple inspection, the purchaser cannot recover.
_JjThe Hirns contend that the Bunches were aware of a stain on the dining room floor prior to the sale.[1] They argue that since the Bunches were aware of an obvious stain in the dining room, they cannot recover for the presence of similar stains elsewhere in the house, citing Pursell v. Kelly, 244 La. 323, 152 So.2d 36, 41 (1963) as authority:
When the defect complained of is partially apparent, the buyer, who, nevertheless, purchases the thing without further investigation must be held to have waived his right to sue in quanti minoris.
Dr. and Mrs. Bunch testified at trial. Dr. Bunch acknowledged that he went through the house only twice, but Mrs. Bunch said she viewed it about four times before the act of sale. Both testified that the stains on the floors were not visible because of the area rugs throughout the house. What little they could see of the floors around the edges of the rugs appeared to be in good condition. They also testified that no one mentioned the existence of any stains. Both testified that the report of a structural inspection they had performed did not mention any stains.
*1183 Ms. Iris Gueno and Ms. Margaret Hepting, real estate agents for the Hirns and Bunches respectively, both testified that they had been with Mrs. Bunch each time she viewed the house. Neither had seen the stain under the dining room table, and neither recalled any conversation about the stain with either the buyers, the sellers or each other. Both agreed the floors were covered, to a large extent, with area rugs. When questioned about the seller’s disclosure statement executed by the Hirns, Ms. Gueno agreed that no defect in the flooring was indicated on the form. She, however, did not consider a stain a “structural” defect.
UMrs. Him testified that Mrs. Bunch saw the stain under the dining room table because no mg covered that area and questioned her about it. She told Mrs. Bunch that the stain was there when she and her husband purchased the house ten years earlier, and had been discovered by them when they removed the carpet. Mrs. Him admitted that they did not discuss the stains elsewhere in the house, and that the only reason the subject arose at all was because Mrs. Bunch questioned her upon seeing the stain in the dining room. Mrs. Hirn had no conversations with Dr. Bunch, and informed the court that he viewed the house only once, after he signed the purchase agreement.
Mr. Hirn testified corroborating his wife’s testimony. He specifically remembered having a conversation with both Dr. and Mrs. Bunch about the dining room stain. While there was no mention of stains elsewhere in the house, Mr. Hirn, like his wife, did not consider the stains a “defect” and certainly not hidden, but rather open and obvious. He verified that neither he nor his wife at any time constrained the Bunches’ inspection of the house. In reasons rendered from the bench, the trial judge noted:
The Court is required at this point to suggest that it found the testimony of all witnesses to be very credible. We found, however, that there may have been some laxity on the part of the Hirns in declaring what this Court believes to be a defect. Mrs. Hirn testified that there was a discussion with Ms. Bunch regarding the stain which she felt was obvious under the table in the dining room or TV room, whichever room it was. However, she did not discuss with her or mention to her that the same defect existed in other rooms.
The Court also notes that the two real estate agents testify that they don’t remember any such discussion. Neither does Ms. Bunch. So by a preponderance of the evidence, the Court must presume that the discussion or acknowledgement of these defects was never presented for the Bunches’ consideration.
The record supports the court’s conclusion that the presence of the stains was never made known to Dr. and Mrs. Bunch.
IsThe Hirns’ contention that the Bunches’ inspection was inadequate is erroneous. Inspection means a strict or prying examination. It connotes more than mere casual observation and envisions an examination of the article by the purchaser with a view to ascertaining its soundness. However, the Code places no duty on the buyer to examine the inner or hidden parts of the object in a manner that might deface the thing purchased. Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963). The Hirns do not dispute that all but one of the stains were “hidden” by area rugs. The one stain that was not under an area rug was beneath a table, albeit one with a glass top. The stains were hidden, and the Bunches were under no obligation to look beneath the furniture or area rugs to find them.
In a second assignment, Mr. and Mrs. Him contest the award of attorney’s fees. They argue that the trial court found that Mrs. Him told Mrs. Bunch of the existence of the stain on the dining room floor, which precludes an award for attorney’s fees.
La.Civ.Code art. 2545 (West Supp.1995) specifically provides for attorneys fees where the seller knows but fails to declare the defect to the purchaser. In reasons assigned from the bench, the court stated that the evidence preponderated in favor of finding that the defects were never presented for the Bunches’ consideration. As this finding is supported by the record, the award of attorney’s fees was appropriate.
*1184 In their third assignment of error, Mr. and Mrs. Hirn argue that the award to repair the floors was excessive. The court awarded $3,905 to refinish the floor, $800 in reasonable living expenses, and $1,695 to cover the cost of removing furniture from the house and storing it while the floors were being refinished.
| (¡The Hirns argue that this award overcompensated the Bunches because it covered the cost of providing new flooring, and did not allow for deterioration of the floor.
The Hirns maintained that the floor could be repaired by spot sanding, and did not require that entire sections be replaced. Nor did the repair of the stains require the entire floor surface to be refinished. They contend that “spot” repairs would not have required the Bunches to move out of the home or store belongings and furniture while the repairs were effected.
While the Hirns may be correct, they offered no evidence to support this proposition. The only evidence on this issue was the testimony of Mr. Ray Quintana, an expert who testified on behalf of the purchasers. While a trier of fact is not required to accept the testimony of an expert witness based merely on the fact that no opposing expert witness testified, the weight to give such evidence is in the discretion of the trial court. Galloway v. Gaspard, 340 So.2d 579 (La.App. 1st Cir.1976). In the face of this evidence, with no countervailing evidence presented by the Hirns, we cannot say that the trial court abused its discretion in this regard.
Finally, the Hirns complain that the award to Mrs. Bunch for mental anguish was not supported by the record because they did not intentionally conceal the stains, and because there was no medical evidence presented to support the claim. Alternatively, they argue that the award is excessive.
The court found that the Hirns did not disclose the defect. As discussed above, that finding is supported by the record. Mrs. Bunch testified that she and her husband counted hardwood floors as a prerequisite in any house they purchased. Although she felt “embarrassed, deceived” over the condition of thej^floors, she nonetheless stated she would have purchased the house even had she been aware of the defect, subject to reduction in the price. Trial took place almost two years after the Bunches’ purchase. During this time they were not in a financial position to redo the floors. Considering this testimony, it does not appear the court erred in awarding damages for Mrs. Bunch’s mental anguish, nor do we find the award of $1,000 for this element of damage to be excessive.
The decision of the trial court is affirmed.
AFFIRMED.

. The stain was under the Hirns' dining room table, which hád a glass top.